## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GRAND STAIRCASE ESCALANTE PARTNERS
on behalf of itself and its members
310 South 100 E., P.O. Box 53
Kanab, UT 84741

SOCIETY OF VERTEBRATE PALEONTOLOGY
on behalf of itself and its members
9650 Rockville Pike
Bethesda, MD 20814

and

CONSERVATION LANDS FOUNDATION
835 E. 2nd Ave. #314
Durango, CO 81301

     *Plaintiffs*,

     v.

DEPARTMENT OF THE INTERIOR
1849 C Street NW
Washington DC 20240

COUNCIL ON ENVIRONMENTAL QUALITY
730 Jackson Place NW
Washington, DC 20503

and

OFFICE OF MANAGEMENT AND BUDGET
725 17th Street, NW
Washington, DC 20503

     *Defendants*.

Civil Action No. 17-2825

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

(Freedom of Information Act)

Plaintiffs Grand Staircase Escalante Partners, Society of Vertebrate Paleontology, and Conservation Lands Foundation (collectively, "Plaintiffs") bring this action against the Department of the Interior ("DOI"), the Council on Environmental Quality ("CEQ"), and the Office of Management and Budget ("OMB," and with DOI and CEQ, "Defendants") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of agency records related to the President's efforts to reduce the protections afforded to the Grand Staircase-Escalante National Monument ("Grand Staircase," or "the Monument") and improperly withheld from Plaintiffs. These records are vital to provide clearer background and basis for the actions of the President and the Secretary of the Interior in eliminating significant protections at Grand Staircase.

Plaintiffs allege as follows:

**PARTIES**

1.      Plaintiff Grand Staircase Escalante Partners ("Partners") is a non-profit corporation exempt from taxation under 26 U.S.C. § 501(c)(3), founded in 2004 and organized under the laws of the state of Utah. Partners is dedicated to supporting, protecting, maintaining, and advancing Grand Staircase.

2.      Plaintiff Society of Vertebrate Paleontology (the "Society") is a non-profit organization exempt from taxation under 26 U.S.C. § 501(c)(3), incorporated under the laws of California, and headquartered in Bethesda, Maryland. The Society's purpose is to advance the science of vertebrate paleontology and facilitate collection and study of fossils and the

stratigraphy of the beds in which they are found.  Members of the Society visit and regularly

conduct paleontological field research within Grand Staircase.

3.      Plaintiff Conservation Lands Foundation (the "Foundation") is a non-profit

organization exempt from taxation under 26 U.S.C. § 501(c)(3), incorporated under the laws of

Delaware, and headquartered in Durango, Colorado.  The Foundation promotes environmental

conservation through assisting the Bureau of Land Management's ("BLM") National Landscape

Conservation System (also known as the National Conservation Lands).  Grand Staircase is the

largest and among the best known units in the National Conservation Lands.

4.      Defendant DOI is an agency of the United States of America under 5 U.S.C.

§ 551(1).  DOI is headquartered at 1849 C St. NW, Washington, DC 20240.  DOI and its

component agencies have possession, custody, and control of the documents that Plaintiffs seek

in response to their FOIA requests.  BLM, the Office of the Secretary (the "Secretary"), the

Office of the Solicitor (the "Solicitor"), the National Park Service ("NPS"), the United States

Geological Survey ("USGS"), the Office of Surface Mining Reclamation and Enforcement

("OSMRE"), and the Bureau of Indian Affairs ("BIA") are all bureaus or offices within DOI

over which the agency exercises supervisory and administrative control.

5.      Defendant CEQ is a component of the Executive Office of the President of the

United States and is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5

U.S.C. § 551(1).  CEQ is headquartered at 730 Jackson Place NW, Washington, DC 20503.

CEQ has possession, custody, and control of the documents that Plaintiffs seek in response to

their FOIA requests.

6.      Defendant OMB is a component of the Executive Office of the President of the

United States and is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5

U.S.C. § 551(1).  OMB is headquartered at 725 17th Street NW, Washington, DC 20503.  OMB

has possession, custody, and control of the documents that Plaintiffs seek in response to their

FOIA requests.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 (federal

question) and 5 U.S.C. § 552(a)(4)(B) (FOIA).

8.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B), because portions or all of the

responsive records are situated in this district, and because the District for the District of

Columbia is the "universal" venue for FOIA lawsuits.

## LEGAL BACKGROUND

9.      FOIA was enacted to ensure government transparency and the expeditious

disclosure of government records.  FOIA establishes the public's right to access all federal

agency records unless an agency satisfies its burden to show that it may withhold them pursuant

to one of nine narrowly-construed FOIA exemptions.  *See* 5 U.S.C. § 552(b)(1)-(9); *id.* §

552(a)(4)(B).

10.     FOIA imposes strict deadlines on federal agencies to respond to a request for

records.  Within 20 working days of receiving a FOIA request, an agency must make a

determination on whether to comply with the request, and notify the requester of its

determination and the reasons therefore.  *See id.* § 552(a)(6)(A)(i).  The agency is required to

indicate "the scope of the documents that the agency will produce, as well as the scope of the

documents that the agency plans to withhold under any FOIA exemptions."  *Citizens for*

*Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013).

11.     An agency may extend this 20-day period in "unusual circumstances," as defined by 5 U.S.C. § 552(a)(6)(B)(iii), but only for a maximum of 10 additional working days.  *See id.* § 552(a)(6)(B)(i); 43 C.F.R. § 2.16(a) (DOI); 40 C.F.R. §§ 1515.6(a), 1515.9 (CEQ); 5 C.F.R. § 1303.10(f) (OMB).

12.     The agency must make any responsive records "promptly" available, *see* 5 U.S.C. § 552(a)(3)(A), unless it can establish that it may lawfully withhold records from disclosure under the narrowly-defined FOIA exemptions listed in § 552(b).

13.     Administrative remedies are deemed exhausted when an agency fails to comply with applicable time limits.  *Id.* § 552(a)(6)(C)(i).

## STATEMENT OF FACTS

*Grand Staircase and the Monument Review Process*

14.     The Grand Staircase-Escalante National Monument is an area in southern Utah that was granted permanent protection as a national monument in 1996 pursuant to the President's authority under the Antiquities Act of 1906, ch. 3060, §§ 1–4, 34 Stat. 225 (1906) (codified as amended at 54 U.S.C. §§ 320301–320303).  Grand Staircase is managed by BLM, which is within defendant DOI.

15.     The Monument protects thousands of sensitive scientific, historic, prehistoric, paleontological, and cultural resources.  It encompasses one of the most fossil-rich areas in the world, and its study has resulted in ground-breaking discoveries.  Hundreds of vertebrate, invertebrate, and plant species discovered in Grand Staircase in the past two decades alone have added to human understanding of Earth's history.  The region also abounds in archaeological resources left behind by three distinct ancient cultures that occupied what is now the Monument. The Monument is in one of the most remote areas in the contiguous United States and has unique ecosystems, irreplaceable geological formations, and incomparable beauty.

16.     Beginning in April 2017, however, President Donald J. Trump set in motion a review process that culminated with the elimination of protections for the Monument and its unparalleled resources.  On April 26, the President signed Executive Order 13792, in which he proclaimed that "[m]onument designations . . . may . . . create barriers to achieving energy independence . . . and otherwise curtail economic growth."  82 Fed. Reg. 20,429, 20,429 (April 26, 2017).  The order mandated that the Secretary of the Interior review, *inter alia*, "all Presidential designations or expansions of designations under the Antiquities Act made since January 1, 1996, where the designation covers more than 100,000 acres," and provide a final report to the President through the Director of defendant OMB and the Chairman of defendant CEQ.  *Id.* at 20,429-20,430.  The date range for the monument review suggests that the review was specifically structured to include Grand Staircase, which was created in 1996.  The order states that final findings could include "Presidential actions, legislative proposals, or other actions consistent with law as the Secretary may consider appropriate to carry out the policy" in the order.  *Id.* at 20,430.

17.     As part of the mandated review process, defendant DOI accepted public comments on Grand Staircase and other monuments under review.  Over 2.8 million individual comments were submitted—including from each Plaintiff.  These comments expressed overwhelming support for maintaining monument protections.  *See* Aaron Weiss, *America to Trump and Zinke: Don't Touch National Monuments*, WESTWISE: CENTER FOR WESTERN PRIORITIES BLOG (Jul. 10, 2017), https://medium.com/westwise/america-to-trump-and-zinke-dont-touch-national-monuments-8f4b40c43599 (finding that 98 percent of submissions "expressed support for keeping or expanding national monument designations" with 1 percent neutral, and that 88 percent of Utahans support monuments in their state).

18.     On August 24, 2017, Secretary of the Interior Ryan Zinke sent a report with his national monument recommendations to President Trump, but did not release it to the public. The Washington Post later reported that Secretary Zinke had recommended the elimination of protections for Grand Staircase.  *See* Juliet Eilperin & Darryl Fears, *Interior Secretary Recommends Trump Alter at Least Three National Monuments, Including Bears Ears*, THE WASHINGTON POST, Aug. 24, 2017, https://www.washingtonpost.com/news/energy-environment/wp/2017/08/24/interior-secretary-recommends-trump-alter-a-handful-of-national-monuments-but-declines-to-reveal-which-ones/?utm_term=.50aa41ac9bfb.

19.     On September 17, 2017, the Washington Post published what it reported were Secretary Zinke's national monuments recommendations, although they still had not been formally released to the public.  *See* Juliet Eilperin, *Shrink at least 4 National Monuments and Modify a Half-Dozen Others, Zinke tells Trump*, THE WASHINGTON POST, Sept. 17, 2017, https://www.washingtonpost.com/national/health-science/shrink-at-least-4-national-monuments-and-modify-a-half-dozen-others-zinke-tells-trump/2017/09/17/a0df45cc-9b48-11e7-82e4-f1076f6d6152_story.html?utm_term=.785aef8a6268.

20.     That report noted the large deposits of coal and oil resources underlying Grand Staircase and recommended that the Monument's "boundary should be revised through the use of appropriate authority."  Ryan K. Zinke, *Final Report Summarizing Findings of the Review of Designations Under the Antiquities Act* 13 (Aug. 24, 2017), *available at* https://assets.documentcloud.org/documents/4052225/Interior-Secretary-Ryan-Zinke-s-Report-to.pdf.  The report made no detailed recommendations; contained no rationale for the recommendations it did make; wholly lacked substantive discussion of the sensitive resources

that the Monument was created to protect; and failed to respond to the voluminous public

comments opposing its view.

21.     On October 27, 2017, Senator Orrin Hatch announced that President Trump

"would modify the Grand Staircase to allow coal mining in the Kaiparowits Plateau."  Thomas

Burr & Brian Maffly, *Trump Headed to Utah in December with Plans to Shrink Bears Ears and

Grand Staircase*, THE SALT LAKE TRIBUNE, Oct. 27, 2017,

http://www.sltrib.com/news/politics/2017/10/27/trump-tells-sen-orrin-hatch-hell-shrink-the-

bears-ears-national-monument/.

22.     On December 4, 2017, President Trump issued a Presidential Proclamation

"Modifying the Grand Staircase-Escalante National Monument" (the "Proclamation") that

purported to rely on the Antiquities Act to eliminate significant portions of Grand Staircase's

protections.  The Proclamation "modified and reduced" the existing Monument, and as a result,

the new substituted Monument's total area is 1,003,863 aces, a reduction of 46 percent from the

size of the previous Monument.  *See* Proclamation 9682, 82 Fed. Reg. 58,089, 58,093 (Dec. 4,

2017).  Further, the Proclamation splits the remaining Monument land into three smaller units:

the Grand Staircase Unit; the Kaiparowits Unit; and the Escalante Canyons Unit.

23.     The Proclamation enables destructive extractive activities on newly-excluded

lands.  On February 2, 2018, "the public lands excluded from the [M]onument reservation shall

be open to: (1) entry, location, selection, sale or other disposition under the public land laws; (2)

disposition under all laws relating to mineral and geothermal leasing; and (3) location, entry, and

patent under the mining laws."  *Id*.

24.     The Proclamation states that "[i]n the 20 years since the [Monument's]

designation," BLM has "studied the [M]onument to better understand the geology, paleontology,

history, and biology of the area." *Id* at 58,089.  The Proclamation relies in part on these

studies—which have not been further specified—to justify excising vast swaths of previously

protected land from the Monument:  "The modified [M]onument boundaries take into account

this new information."  *Id.* at 58,089, 58,091 (stating that "boundaries . . . should be reduced"

"[e]specially in light of the research conducted since designation").

*Plaintiffs' FOIA Request*

25.     On November 3, 2017, concerned that there had been a lack of transparency

surrounding the monument review process which was hampering their and the public's ability to

participate meaningfully, Plaintiffs submitted a FOIA request to DOI seeking agency records

related to the monument review process and recommendations made to the President.  Plaintiffs

addressed their request to specific offices within DOI, pursuant to the requirement in 43 C.F.R. §

2.3(b) that requests be submitted directly to the bureau believed to contain the relevant records.

Plaintiffs provided identical requests to the Secretary, the Solicitor, BLM, NPS, USGS, OSMRE,

and BIA.

26.     On November 7, 2017, Plaintiffs submitted similar requests to CEQ and OMB

(with DOI request, the "Requests," and any individually a "Request").  True and correct copies

of the Requests are attached as **Exhibits 1-3**.

27.     Plaintiffs requested both expedited processing and a fee waiver.

28.     The Requests sought several separate categories of records, including:

- Policies, recommendations, directives, memoranda, meeting notes, communications, travel logs, and other records relating to Executive Order 13972, the monument review process, and changes or potential changes to the designation, boundaries, design, or management plan for Grand Staircase.
- Correspondences, communications, and meetings between DOI officials and White House or Department of Justice officials regarding Grand Staircase.
- Correspondences, communications, and meetings, if any, between DOI officials and Utah elected or appointed officials relating to Grand Staircase.

- Correspondences and communications, if any, between DOI officials and entities not part of any federal or state government, including non-governmental organizations, corporations, and lobbyists, related to the monument review of Grand Staircase.
- Assessments of the economic impact of Grand Staircase.
- Assessments of the scientific resources available at, or the scientific contributions of, Grand Staircase.

29.     The President's Proclamation underscored to Plaintiffs the need to be further informed about the process by which the decision was made to attempt to reduce the size of the Monument.  It reinforced to Plaintiffs the need to seek additional information about the studies relied on, and how assessments of the resources available at the Monument interacted with the impetus towards extractive uses of the Monument suggested by both the Trump Administration and Utah politicians during the monument review process.

30.     As detailed below, Plaintiffs have not yet received records in response to their Requests.[1]

31.     As detailed further *infra* paragraph 52, Plaintiffs believe the delay in response from DOI is the result of the agency's unusual decision to route all FOIA responses concerning the monument review process through the agency's Office of the Secretary.  As reported by the Washington Post, "Zinke's office has taken direct control of the various FOIA requests that have piled up at the various agencies responsible for his review of national monuments created during the past three presidential administrations," and his FOIA officer has contacted counterparts "in 11 different Interior offices . . . to inform them . . . [that] the secretary's office would handle requests pertaining to the monument review going forward."  Dino Grandoni & Juliet Eilperin,

---

[1] Plaintiffs also submitted similar FOIA requests to the U.S. Fish and Wildlife Service, DOI's Inspector General Office, and the White House Office of Science and Technology Policy. Plaintiffs received responses from these agencies that they were not in possession of responsive records and Plaintiffs are not challenging those determinations.

*Trump Environmental Officials are Keeping Tight Rein over Stampede of FOIA Requests*, THE
WASHINGTON POST, Dec. 15, 2017,

https://www.washingtonpost.com/amphtml/news/powerpost/wp/2017/12/15/trump-

environmental-officials-are-keeping-tight-rein-over-stampede-of-foia-

requests/?tid=ss_tw&utm_term=.173407eb029b&__twitter_impression=true.

32.     Under DOI's own regulations, however, coordination and consultation among

agencies within DOI does not permit DOI additional time to respond to a FOIA inquest.  *See* 43

C.F.R. §§ 2.13, 2.16(b).

*Bureau of Land Management*

33.     On November 6, 2017, BLM received the Request.

34.     To date, BLM still has not acknowledged that it received the Request, despite

confirmation from mail service that it has been delivered.

35.     To date, Plaintiffs have received no released records from the BLM FOIA office.

36.     BLM has not made a determination on the Request within the time limits

prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

*Office of the Secretary*

37.     On November 6, 2017, the Secretary received the Request.

38.     The Secretary acknowledged the Request on November 28, 2017, and invoked a

10-day extension to its time to respond pursuant to 43 C.F.R. § 2.19.  It also granted Plaintiffs'

request for expedited processing, promising a "prompt[]" response regarding the outcome of its

search.  *See* **Exhibit 4**.

39.     To date, Plaintiffs have received no released records from the Secretary's FOIA

office.

40.     The Secretary has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

*Office of the Solicitor*

41.     On November 6, 2017, the Solicitor received the Request.

42.     To date, the Solicitor still has not acknowledged that it received the Request, despite confirmation from mail service that it has been delivered.

43.     To date, Plaintiffs have received no released records from the Solicitor's FOIA office.

44.     The Solicitor has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

*National Park Service*

45.     On November 6, 2017, NPS received the Request.

46.     To date, NPS still has not acknowledged that it received the Request, despite confirmation from mail service that it has been delivered.

47.     To date, Plaintiffs have received no released records from NPS' FOIA office.

48.     NPS has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i)

*United States Geological Survey*

49.     On November 7, 2017, USGS received the Request.

50.     USGS acknowledged the Request on November 14, 2017, and invoked a 10-day extension to its time to respond pursuant to 43 C.F.R. § 2.19.

51.     On November 16, USGS requested clarification about the Request, specifically whether one document request relating to meetings between BLM officials and Utah elected or

appointed officials sought records for all meetings or just those pertaining to the Monument.  On

November 21, Plaintiffs clarified that they were interested in only those records pertaining to the

Monument.

52.     On December 14, USGS informed Plaintiffs that it had referred 91 pages of

emails and approximately 24 accompanying attachments to the Secretary, which would be

"coordinating" and "process[ing]" Plaintiffs' Requests "on behalf of the entire department."  *See*

**Exhibit 5.**  USGS did not, however, inform Plaintiffs whether these records would be produced,

or whether USGS (or the Secretary, or DOI) would be invoking any of FOIA's exemptions.

53.     To date, Plaintiffs have received no released records from USGS' FOIA office.

54.     USGS has not made a determination on the Request within the time limits

prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

*Office of Surface Mining Reclamation and Enforcement*

55.     On November 6, 2017, OSMRE received the Request.

56.     To date, OSMRE still has not acknowledged that it received the Request, despite

confirmation from mail service that it has been delivered.

57.     To date, Plaintiffs have received no released records from OSMRE's FOIA office.

58.     OSMRE has not made a determination on the Request within the time limits

prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

*Bureau of Indian Affairs*

59.     On November 7, 2017, BIA received the Request.

60.     To date, BIA still has not acknowledged that it received the Request, despite

confirmation from mail service that it has been delivered.

61.     To date, Plaintiffs have received no released records from BIA's FOIA office.

62.     BIA has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

*Council on Environmental Quality*

63.     On November 7, 2017, CEQ received the Request.

64.     CEQ acknowledged the Request on November 28, 2017.

65.     In its acknowledgement, CEQ requested an additional electronic copy of the Request on the undersigned counsel's letterhead.  Plaintiffs promptly provided such a copy.

66.     To date, Plaintiffs have received no released records from CEQ's FOIA office.

67.     CEQ has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

*Office of Management and Budget*

68.     On November 9, 2017, OMB received the Request.

69.     OMB acknowledged that it received the Request on November 15, 2017.

70.     To date, Plaintiffs have received no released records from OMB's FOIA office.

71.     OMB has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT ONE: FAILURE TO COMPLY WITH FOIA

### *(All Plaintiffs against all Defendants)*

72.     Plaintiffs incorporate each of the foregoing paragraphs of this Complaint.

73.     Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiffs have a statutory right to access the requested agency records in a timely manner.

74.     Defendants, by and through their components, have failed to comply with the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

75.   Defendants have failed to properly respond to Plaintiffs' requests.

76.   Defendants have failed to conduct a reasonable search for records responsive to the requests.

77.   Defendants are improperly and unlawfully withholding public records requested by Plaintiffs pursuant to 5 U.S.C. § 552.

78.   Plaintiffs are being irreparably harmed by reason of Defendants' unlawful withholding of the requested public records, and Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

79.   Plaintiffs have fully exhausted any administrative remedies and now turn to this Court to enforce FOIA's guarantee of public access to agency records and to remedy the agencies' withholding of that access.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Grand Staircase Escalante Partners, Society of Vertebrate Paleontology, and Conservation Lands Foundation respectfully request that the Court enter judgment in favor of Plaintiffs and against Defendants, as follows:

A.   Declare that Defendants' failure to make a determination on whether to comply with Plaintiffs' requests is in violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

B.   Order Defendants to provide a determination on Plaintiffs' FOIA requests as required;

C.   Order Defendants to conduct searches that are reasonably calculated to locate all records responsive to Plaintiffs' FOIA requests;

D.   Enjoin Defendants from withholding all responsive records—or reasonably segregable portions of lawfully exempt records—and require that Defendants provide such records within 21 days of this Court's order, at no cost to Plaintiffs;

E.  Declare that Plaintiffs are entitled to a waiver of all document search, review, and duplication fees because disclosure of the requested records is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the Plaintiffs;

F.  Award Plaintiffs reasonable attorneys' fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E)(i);

G.  Retain jurisdiction over this action until Defendants are in compliance with FOIA and every order of this Court; and

H.  Award any other relief the Court may deem just and proper.

Respectfully submitted,

December 28, 2017

/s/ Gary S. Guzy
Gary S. Guzy (375977)
Herbert Lawrence Fenster (153825)
Garett Robert Rose (1023909)
Shruti Chaganti Barker (1035210)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, DC 20001
Tel: 202-662-5978
Fax:  202-778-5978
gguzy@cov.com
hfenster@cov.com
grose@cov.com
sbarker@cov.com
*Attorneys for Plaintiffs Grand Staircase Escalante Partners, Society of Vertebrate Paleontology, and Conservation Lands Foundation*